**DADE BROTHERS, INC., and Chesapeake Industries, Inc.**

v.

**The UNITED STATES.**

No. 135–59.

United States Court of Claims.

Dec. 13, 1963.

James A. Cuddihy, New York City, for the plaintiffs. Havens, Wandless, Stitt & Tighe, New York City, of counsel.

Edward L. Metzler, Washington, D. C., with whom was Asst. Atty. Gen. John W. Douglas, for the defendant. Glenn E. Harris, Washington, D. C., was on the brief.

Before JONES, Chief Judge, and WHITAKER, LARAMORE, DURFEE and DAVIS, Judges.

PER CURIAM.

A cost-plus-fixed-fee contractor sues the United States for reimbursement of expenses and costs incident to three companion suits brought in the New Jersey state courts against the contractor by some of its employees.[1] These suits charged the contractor (and certain of its officials and employees) with conspiracy with a union and union officials to deprive the suing employees of seniority rights and employment to which they were entitled. After a jury trial in the Superior Court of New Jersey,[2] a verdict was rendered against the contractor and substantial judgments were entered. The Appellate Division of the Superior Court affirmed the judgments in an opinion which declared that "there was ample proof to warrant a finding by the jury that the employer [*i.e.*, the contractor] and the union acted in concert in wilfully and maliciously interfering with plaintiffs' right to employment under the collective bargaining agreement." The Supreme Court of New Jersey affirmed without opinion.

Dade Brothers' contract with the Government provided that, if the Contracting Officer determined that the contractor should defend "litigation in connection with claims of third parties arising out of the performance of the contract," the contractor would be entitled to reimbursement of "the cost and expense of such litigation, including judgments and court costs, allowances rendered or awarded in connection with suits for wages, overtime or salaries, and reason-

---

1. Plaintiff Dade Brothers, Inc. is the government contractor and the employer which was sued. Plaintiff Chesapeake Industries, Inc. is the parent of Dade Brothers; it took an assignment of all

of the latter's right, as asserted in the present action, against the defendant.

2. The three cases were consolidated and tried together.

able attorney's fees for private counsel * * *." Relying on this provision, the contractor applied for reimbursement of the amounts of the judgments paid the employees and the litigation expenses and costs incurred in the New Jersey suits. The Contracting Officer disallowed any reimbursement because the contractor had violated its obligations under its contract with the United States by engaging in the conspiracy found by the state courts; therefore, he held, the New Jersey litigation did not arise out of the proper performance by the contractor of its contract with the Government (within the meaning of the litigation-reimbursement clause). This adverse determination was affirmed by the Claims and Appeals Board of the Corps of Engineers and by the Armed Services Board of Contract Appeals. The present action was then begun.

At an earlier stage of this case, the parties entered into a stipulation of facts and on the basis of that stipulation presented to the court the issue of the defendant's liability. After briefing and oral argument, the court ordered the case referred to a trial commissioner "for further proceedings limited to the question whether or not the decision of the Armed Services Board of Contract Appeals was arbitrary, capricious or unsupported by substantial evidence." The trial commissioner has made his findings of fact on the basis of the parties' stipulation and exhibits, including the record before the appeal boards within the Department of Defense; no oral testimony was offered in this court. The commissioner has concluded that "the entire record of the case does not establish that the decision of the Armed Services Board of Contract Appeals was arbitrary, capricious, or unsupported by substantial evidence." New briefs have been presented, and the case has again been argued orally.

We agree with the trial commissioner's subsidiary findings and also with his conclusory finding that the determination of the Board of Contract Appeals was adequately supported. The Board had before it the results of and proceedings in the New Jersey litigation. It also had before it the oral testimony of the contractor's officer (before the Engineers Claims and Appeal Board) denying the conspiracy and wrongdoing found by the New Jersey courts. Certainly, the Board of Contract Appeals was entitled to accord great weight, as it did, to the judgments of the New Jersey courts; but we do not read the Board as holding itself *bound* by those state court judgments—either on the basis of collateral estoppel or any other doctrine. Rather, the Board decided, on the basis of everything before it including the judgments, that the contractor had failed to show (a) that the New Jersey judgments were erroneous, (b) that it had not breached the union agreement and the government contract, or (c) that the acts resulting in the New Jersey litigation were committed by the contractor in the faithful performance of the government contract. We hold that the Board was free to reach these conclusions and was not required, on the record before it, to decide in the contractor's favor.

Once the Board's determinations are accepted, and we do accept them, there is no ground for recovery against the Government. Neither the wording nor the policy of the litigation-reimbursement article of the government contract authorizes reimbursement of expenses incurred because the contractor breached its agreement with the Government or failed to perform that contract faithfully. Nor can we accept plaintiffs' argument that the clause automatically becomes applicable whenever the Contracting Officer asks the contractor to defend litigation brought by third parties. In litigation like that instituted against the contractor here, the Government cannot tell whether its contract has been breached until the conclusion of the case; it is not required to make that determination at the outset before the merits of the matter are known. In this case, the Contracting Officer made it clear to the contractor, from the beginning, that the issue of reimbursement would be decided subsequently and that reimbursement would

not be a matter of course. See findings 13–16, 18–19, 21. Finally, plaintiffs charge that the defendant's representatives approved and participated in the conspiracy between Dade Brothers, Inc. and the union. But the Engineers Claims and Appeals Board specifically found that there was no evidence that the Contracting Officer was aware of or had reason to be aware of the existence of the conspiracy found by the New Jersey courts; there is no indication that this finding was rejected or disapproved by the Board of Contract Appeals and we see no reason why it should have been. In any event, wrongful participation by government officials in a tortious conspiracy such as was found here would put them far outside their authority to represent the United States with respect to this contract. Under established principles, the United States would not be liable under the contract for such wrongful acts of officials exceeding their authority.

The petition is dismissed.